UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


CLEVELAND LLOYD                                          PLAINTIFF

V.                                  CIVIL ACTION NO. 3:09CV348 DPJ-JCS

WALTER H. GIBBS, TAYLOR GIBBS                           DEFENDANTS


ORDER

Plaintiff Cleveland Lloyd, a Mississippi resident, filed this land dispute action against

Defendants Walter H. Gibbs and Taylor Gibbs, also Mississippi residents, asking the Court to

order Walter H. Gibbs to "turn over my deed."  Complaint at 2.  Plaintiff alleges that both the

"Federal Court and Chancery Court have ordered [Walter H. Gibbs] to turn over my deed, but he

has refused to do so."  Complaint at 1.

Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside

of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party

seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); U.S.

Const., art. III, § 2.  Federal courts have a continuing obligation to examine the basis for their

jurisdiction, and the issue may be raised by the parties, or the court *sua sponte*, at any time.

*MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

On the Civil Cover Sheet, Plaintiff marked "Federal Question" as the basis for

jurisdiction in this Court.  *See* 28 U.S.C. § 1331 ("The district court shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States.").  Plaintiff attached numerous documents to his Complaint, including filings in an action

before the Bankruptcy Court. Title 28 U.S.C. § 1334 (b) provides that district courts have

original, but not exclusive, jurisdiction of all civil proceedings arising under the Bankruptcy

Code or arising in or related to cases under the Bankruptcy Code.

The United States Bankruptcy Court Final Report and Account, which is attached to

Plaintiff's Complaint, reflects that Plaintiff was to pay Walter H. Gibbs $5,000. This payment is

classified as "Direct Pay," which means it was not paid through the trustee, thus it was a

payment outside the bankruptcy plan.[1] The Bankruptcy Court case was closed by order dated

January 30, 2008. In short, the debt and land dispute which forms the basis of Plaintiff's

Complaint was not part of the bankruptcy plan, and accordingly, this action is not arising in or

related to the bankruptcy action. No other grounds for federal question jurisdiction are apparent

from the Complaint. In addition, as all the parties are Mississippi residents, diversity of

citizenship is lacking. *See* 28 U.S.C. § 1332.[2]

---

[1] The Court also notes that an agreed order dated May 3, 2006, which was not attached
to Plaintiff's Complaint but is part of the bankruptcy court record, provides that several matters
must be attended to by Plaintiff prior to transfer of the deed, including the $5,000 payment, a
survey of the property at Plaintiff's expense, and removal of "debris and equipment" from
Gibbs' adjacent property by Plaintiff. The order also provides that Plaintiff and Walter H. Gibbs
must agree upon the actual location of the property to be conveyed.

[2] Also attached to Plaintiff's motion to dismiss (which he later withdrew) is an Agreed
Judgment entered by the Chancery Court of Hinds County, Mississippi on November 5, 2002. In
this judgment, the Chancellor ordered Plaintiff to pay $5,000 in exchange for a three (3) acre
parcel of land. Assuming this judgment relates to the same property which is the subject of this
suit, the Court may also be precluded from hearing this action under the *Rooker-Feldman*
doctrine. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (discussing the
*Rooker-Feldman* doctrine, which provides that "federal district courts, as courts of original
jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts")
(citations omitted).

Accordingly, the Court finds that this action should be dismissed for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE